## APPENDIX.

### J. D. RILEY *v.* J. R. CARTER.

[75 Miss., 198 (s.c., 23 South. Rep., 435).]

Chief Justice WHITFIELD calls the reporter's attention to the fact that the following sentences are omitted from the opinion of the court in the case of *Riley* v. *Carter,* as reported in 75 Miss., 198. The omission is from the end of the opinion, and the sentences are as follows:

"We have thus gone fully into the last two points, because this case is to be determined by the law as it stood prior to the enactment of Code 1892, § 4472. The first foreclosure bill was filed in November, 1895, and the second in January, 1896, and the crops were raised in 1896, and were, of course, not 'planted' or 'growing' at the 'commencement of either suit.' This wholesome statute happily changes the rule in this state, and gives a mortgagor, who has a crop growing or planted when the foreclosure suit is begun, the right to such crops, upon the 'payment or tender of reasonable compensation for the use of the land,' which amount the court may adjudge. It is a most beneficent statute, which will prevent much injustice in the future.

*"Judgment reversed, and cause remanded."*

# INDEX.

ABSENT WITNESSES.

*See* CONTINUANCES.
*Walton* v. *State*, 296.


ABUTTING OWNERS.

*See* MUNICIPALITIES, 7.
*Yazoo, etc., R. R. Co.* v. *Lefoldt*, 317.

ACCIDENTS.

A railroad company is not liable to an employe, neither at common law nor under Constitution 1890, sec. 193, for purely accidental injuries. *Gulf, etc., R. R. Co.* v. *Blockman*, 192.

ACKNOWLEDGMENTS. *Deed. Signed. Executed. Delivered.*

An acknowledgment to a deed that the grantor "signed" it, failing to state that he "delivered" it, is insufficient, does not entitle the instrument to be recorded, and, if recorded, its record is not constructive notice; but an acknowledgment to a deed that the grantor "executed" it is sufficient, since a deed cannot be "executed" without being delivered. *Emslie* v. *Thurman*, 537.


ADMISSION.

*See* CONTINUANCES.
*Walton* v. *State*, 296.


AFFIDAVIT.

1. AMENDMENT. *Individual name. Recovery as trustee.*

Under an affidavit in replevin averring that the plaintiff, by his individual name, without any addition, is entitled to the immediate possession of property, it is not error to admit evidence showing that plaintiff, "as trustee," is so entitled. In such case, however, it is proper to permit the affidavit to be amended. *McCarty* v. *Key*, 248.